# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SNAPRAYS, LLC d/b/a SNAPPOWER, a Utah limited liability company, §§§§§§§§§§§§ | |
| *Plaintiff,* | |
| v. | Civil Action No. 4:24-cv-463 |
| THE HOME DEPOT INC., a Delaware corporation; HOME DEPOT U.S.A., INC., a Delaware corporation, | Judge Mazzant |
| *Defendants.* | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #27). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a trademark and patent infringement case, revolving around the sale and marketing of powered cover plates (Dkt. #20). Plaintiff, SnapRays, LLC, manufactures and sells powered cover plates, which are electrical outlet covers that include LED lighting, light sensors, and even USB charges (Dkt. #20 at ¶ 10). According to Plaintiff, Defendants imported, used, offered, and sold infringing products (Dkt. #20). Specifically, Plaintiff alleges that Defendants promoted, offered, and sold the infringing products online through its website, such that the infringing products would be sold under the same search terms without any indication that they were not Plaintiff's products (Dkt. #20). Defendants argue that they have not committed any trademark infringement or unfair advertising practice, and they urge the Court to dismiss those claims against them under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #27).

Plaintiff filed its Original Complaint on May 21, 2024 (Dkt. #1). Plaintiff Amended its Complaint on July 2, 2024 (Dkt. #11). On October 11, 2024, Plaintiff filed its Second Amended Complaint (Dkt. #20). Through it, Plaintiff alleges the following causes of action: (1) patent infringement; (2) federal trademark infringement, under 15 U.S.C. § 1114; (3) Federal false and misleading advertising, under 15 U.S.C. § 1125; (4) common law trademark infringement and unfair competition; and (5) statutory dilution of trademark, under the Texas Business and Commerce Code § 16.103 (Dkt. #20). Defendants filed this Motion to Dismiss Plaintiff's trademark infringement, false and misleading advertising, and state law claims on November 12, 2024 (Dkt. #27). Plaintiff Responded to the Motion to Dismiss on December 6, 2024 (Dkt. #30). Defendants filed their Reply on December 16, 2024, and Plaintiff filed a Sur-Reply on January 3, 2025 (Dkt. #32; Dkt. #40).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Plaintiffs have stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #27) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE